T.C. Memo. 2000-200


UNITED STATES TAX COURT


PAUL MARTIN ZIMMERMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 1023-99, 1049-99,          Filed June 29, 2000.
            1050-99.


Paul Martin Zimmerman, pro se.

<u>R. Craig Schneider</u>, for respondent.


MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes of $6,584, $5,777, and $8,196 for 1995, 1996, and 1997, respectively, and

accuracy-related penalties under section 6662(a)[1] of $421.80, $36.60, and $929.20, for 1995, 1996, and 1997, respectively.

The issues for decision are: (1) Whether petitioner is subject to Federal income tax on wages, Social Security payments, and IRA distributions; and (2) whether part of the underpayments of tax is attributable to negligence or disregard of rules or regulations, or to a substantial understatement of tax.

## Background

Petitioner resided in Magna, Utah, when he filed his petitions in these consolidated cases.

Petitioner filed timely Federal income tax returns for 1995, 1996, and 1997. Petitioner attached to his returns the appropriate Forms W-2, 1099-R, and 1099. Petitioner failed to compute an income tax liability on any of the returns but did attach to each of the returns for 1995 and 1996 a letter of explanation.

In both letters petitioner states that he needs additional information to determine his Federal income tax liability: (1) The sum of the adjusted gross incomes less penalties on early withdrawal of all income tax filers; (2) the total number of income tax filers; (3) the total amount of taxes to be collected; and (4) the names, addresses, and Social Security numbers of

[1]Unless otherwise indicated, subsequent references are to the Internal Revenue Code in effect for the years at issue.

elected and appointed government officials claiming exemptions, deductions, and credits and the amounts of exemptions, deductions, and credits claimed, "so that I can evaluate its constitutionality".

The return for 1997 lists total wages as $46,251.08 but bears a notation on both the return and the attached Forms W-2 that the wages are "non-taxable income" from direct labor.

Respondent determined that the amounts reported on the returns are includable in income and subject to Federal income tax.

## Discussion

At trial, petitioner presented no facts relevant to the deficiencies and penalties determined by respondent. He insisted on making the kinds of inaccurate, uninformed, and nonsensical arguments usually made by persons who disagree with the Federal income tax system and refuse to pay income tax under any circumstances. Among other arguments, petitioner expressed his view that the judicial branch of the United States Government has been "bribed" and "That's why case law shouldn't be looked at because they've gotten to the Federal court system."

As petitioner's arguments lack any rationality, seriousness, or weight, we see no need to refute them "with somber reasoning

and copious citation of precedent"; if we did, it might suggest they had some merit. <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir. 1984).

Petitioner did not introduce any evidence to show that he is not liable for the income tax deficiencies and accuracy-related penalties under section 6662(a); accordingly, respondent is sustained on these issues for all 3 years.

<u>Decisions will be</u>

<u>entered for respondent</u>.